IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL LANGRUM, II, | § | |
| #1884962, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-477-L-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION DIV., | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, William Paul Langrum's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the petition should be summarily **DISMISSED WITH PREJUDICE**.[1]

## I.    BACKGROUND

In 2013, a jury found Langrum guilty of capital murder and assessed punishment at life imprisonment. *Langrum v. State*, No. F1160330 (Crim. Dist. Ct. No. 5, Dallas Cty., Tex., Sep. 12, 2013), *aff'd*, No. 05–13–01489–CR, 2015 WL 468403, at *1 (Tex. App.—Dallas, Feb. 2, 2015, pet. ref'd). His subsequent pursuit of state habeas relief was unsuccessful. *Ex parte*

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS COURTS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

*Langrum*, No. WR-87,370-01 (Tex. Crim. App. Mar. 28, 2018) (denying relief without written order based on the trial court's findings without a hearing).[2]  On October 19, 2018, Langrum filed this *pro se* federal habeas petition, claiming ineffective assistance of counsel.[3]  Doc. 1. Specifically, he asserts trial counsel failed to: (1) subject the State's case to meaningful adversarial testing with available impeachment evidence; (2) failed to investigate and present evidence; (3) failed to present expert testimony; and (4) failed to object to admission of an extraneous offense.

As his federal petition appeared untimely, the Court directed Langrum to respond regarding the application of the one-year limitations period, which he has now done.  Doc. 8. Having now reviewed all the pleadings, the Court concludes that the first and fourth grounds are barred by the applicable statute of limitations and that the second and third grounds fail on the merits.  Consequently, the petition should be summarily dismissed.

## II.    ANALYSIS

### A.  First and Fourth Grounds are Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  Langrum asserts that his trial counsel was constitutionally ineffective in failing to impeach witnesses Sophia Dorian and Officer Russell Barrett with evidence available at trial and to object to the admission of an

---

[2] The habeas docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,370-01&coa=coscca (last visited Dec. 12, 2019).

[3] Langrum's federal petition was initially filed in the United States District Court for the Eastern District of Texas and subsequently transferred to this Court.  Doc. 1; Doc. 3.

extraneous offense—an aggravated robbery witnessed by Officer Barrett—which counsel had sought to exclude through a motion in limine. Langrum does not allege any facts that could trigger a starting date under Section 2244(d)(1)(B)-(D) as to these grounds. Indeed, the facts supporting the first and fourth grounds became or could have become known prior to the date on which his conviction became final. Moreover, Langrum's reliance on Section 2244(d)(1)(D) is limited to his second and third grounds, which relate to Investigator Bill Hunt and Dr. Robert Benjamin, the DNA expert. Doc. 1 at 9; Doc. 8 at 1-4. As such, the one-year limitations period applicable to Langrum's first and fourth grounds for relief began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Langrum's conviction became final on July 21, 2015—90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on April 22, 2015. *See Langrum*, 2015 WL 468403, at *1; Sᴜᴘ. Cᴛ. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). The limitations period expired one year later, on July 20, 2016. And because Langrum did not sign his state application until December 14, 2016, almost five months after the limitations period expired, he is not entitled to statutory tolling during the pendency of his state application.[4] See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

[4] The state application is deemed filed on December 14, 2016, the date on which Langrum indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *Application for Writ of Habeas Corpus* in No. W1160330A is available at http://courtecom.dallascounty.org/publicaccess/ (last visited Dec. 12, 2019).

Thus, the petition *sub judice*, deemed filed on October 7, 2018, is clearly untimely as to Langrum's first and fourth claims absent equitable tolling.[5]

Langrum's filings, however, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Langrum pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He waited more than seventeen months from the date his conviction became final to file his state habeas application and delayed more than six months after his state application was denied before he submitted his federal petition for mailing. Langrum's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's

---

[5] For purposes of this recommendation, the federal petition is deemed filed on October 7, 2018, the date Petitioner certifies placing it in the prison mail system. Doc. 1 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Consequently, Langrum has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling). Accordingly, Langrum's first and fourth claims should be dismissed as time barred.

### III.    Remaining Claims Lack Merit

#### A. Standard of Review

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir.

2011) (quoting *Richter*, 562 U.S. at 102).  Consequently, as long as "'fairminded jurists could

disagree' on the correctness of the state court's decision," federal habeas relief should not be

granted.  *Richter*, 562 U.S. at 102 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Explained differently, "even if the federal court disagrees with the state court ruling, the federal

court should not grant habeas relief unless the state court ruling was objectively unreasonable."

*Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal

law is different from an *incorrect* application of federal law") (quotations and quoted case

omitted; emphasis in original).

### B.  Second and Third Grounds Fail

In his remaining two grounds, Langrum asserts trial counsel rendered ineffective

assistance in failing to investigate his case and in failing to present evidence and any expert

testimony.  Doc. 1 at 6-7.  Langrum avers that he never met or heard of Bill Hunt and Dr. Robert

Benjamin, the investigator and DNA expert respectively, who he recently learned were hired by

trial counsel, Richard Franklin.  Langrum contends that counsel's file does not include even "one

disclosure produced by Hunt's appointment" and complains, *inter alia*, that Hunt never

interviewed witnesses germane to his defense, did "a reconstruction of the crime scene," or

reviewed the police dash-cam recording.  Doc. 1 at 6.  He also argues that the "DNA results were

contorted and/or unexplained."  Doc. 1 at 7.  However, the same ineffective assistance of counsel

claims were rejected by the state habeas court.[6]

Langrum has not presented adequate support for his claim that trial counsel was

ineffective for failing to investigate.  Allegations of a counsel's failure to investigate must state

---

[6] The January 9, 2018 *Findings of Fact and Conclusions of Law* in No. W1160330A are
available at http://courtecom.dallascounty.org/publicaccess/ (last visited Dec. 12, 2019).

with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). Langrum plainly fails to meet his burden. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). He does not allege, much less establish, how further investigation would have helped his defense and, ultimately affected the outcome of his trial. Thus, Langrum fails to satisfy the prejudice prong under *Strickland*.

Further, Langrum does not identify any expert or other witness who could have testified at trial. The mere fact that counsel may have consulted with a DNA expert, with nothing more, is insufficient. He also fails to allege with specificity the substance of any missing testimony or explain how such testimony would have been favorable to his defense. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (requiring petitioner to "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense"); *Evans v. Cockrell,* 285 F.3d 370, 377-78 (5th Cir. 2002) (denying uncalled expert witness claim where petitioner failed to present evidence of what scientific expert would have stated if called); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (denying uncalled witnesses claim because of failure to present affidavits from missing witnesses); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (rejecting failure to interview claim because of failure to show who uninterviewed witnesses were or subject matter of their potential testimony).

Because Langrum has not demonstrated that the state court's decision rejecting his ineffective-assistance claims was contrary to or an unreasonable application of clearly established federal law, his third and fourth claims have no merit.

## IV.    CONCLUSION

For the foregoing reasons, Langrum's petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations, as to his first and fourth claims, and as meritless, as to his second and third claims.  And as no claims will remain, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on February 4, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).