IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM PAUL LANGRUM, II**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:19-CV-477-L-BK** |
| | § | |
| **LORIE DAVIS,** Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered on February 4, 2020, recommending that the court deny and dismiss with prejudice Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 and his four ineffective assistance of counsel claims. With respect to the first and fourth grounds or claims asserted by Petitioner, the magistrate judge determined that these claims are time barred, and Petitioner is not entitled to equitable tolling. The magistrate judge determined that the remaining ineffective assistance of counsel claims, as pleaded, are without merit and insufficient to entitle him to habeas relief.

Petitioner filed objections (Doc. 11) in support of first and fourth grounds, which were docketed on February 24, 2020, contending that he is entitled to equitable tolling. For the reasons stated by the magistrate judge, the court disagrees and **overrules** Petitioner's objections.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of

the court.  Accordingly, the court **denies** Petitioner's section 2254 habeas application (Doc. 1) and **dismisses with prejudice** this habeas action and Petitioner's ineffective assistance of counsel claims for the reasons stated in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.*  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 17th day of June, 2020.

Sam A. Lindsay
United States District Judge

---

*\* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:*

**(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**